**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERROL OTIS PEYTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-631 SRC |
| | ) | |
| CITY OF ST. LOUIS DEPARTMENT | ) | |
| OF PUBLIC SAFETY, DIVISION OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum and Order

This matter is before the Court on the motion of plaintiff Errol Otis Peyton, Jr., a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court grants the motion, and assesses an initial partial filing fee of $36.26.   Additionally, for the reasons discussed below, the Court gives plaintiff the opportunity to file an amended complaint, and denies, without prejudice, his motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account.  28

U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $181.29 and an average monthly balance of $122.57.  The Court therefore assesses an initial partial filing fee of $36.26, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

The Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal,* 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The Court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

The Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the St. Louis Department of Public Safety Division of Corrections, and against two corrections officers identified as "C.O. Robinson" and "Lt. Conley." Plaintiff sues the individual defendants in their official capacities only. He identifies himself as a pretrial detainee, but he also indicates he is a convicted and sentenced federal prisoner.

A review of publicly-available records on Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff is a defendant in the pending criminal matter *State v. Errol Otis Peyton,* No. 1822-CR02721-01 (22nd Jud. Cir. 2018). In that case, plaintiff is facing charges of robbery, assault, and armed criminal action. Additionally, review of publicly-available records in this United States District Court shows that on June 3, 2019, plaintiff

3

pleaded guilty to possession with intent to distribute methamphetamine, and on September 20, 2019 was sentenced to serve 51 months in federal prison. *See U.S. v. Peyton*, No. 4:18-cr-801-AGF (E.D. Mo. 2019). The Court ordered plaintiff's federal sentence to run consecutively with any sentence that may be imposed in *State v. Errol Otis Peyton,* No. 1822-CR02721-01. This Court takes judicial notice of the foregoing records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (a district court may take judicial notice of public state records); *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court could "take judicial notice, whether requested or not . . . of its own records and files . . .").

In the complaint at bar, plaintiff alleges as follows. On November 20, 2020, while incarcerated at the St. Louis City Justice Center, plaintiff got into a fight with another inmate. Robinson maced him. Robinson then put plaintiff in handcuffs, and told him to walk down the steps. However, neither Robinson nor Conley held plaintiff's arms, and plaintiff fell and broke his knee cap. Conley pushed plaintiff's back and told him to get up. Plaintiff's knee cap "stayed broke for five months before they send me to[] the hosp[ital] to get it fix[ed]." Doc. 1 at 4. Plaintiff further alleges "they" didn't "fix [his] leg until five months later and they haven't [done] any physical therap[]y at all and I may have to[] get a 2nd operation if the knee lock[s] up on me." *Id.* He seeks $1 million in relief.

## Discussion

Plaintiff's claims against the Corrections Division of the St. Louis Department of Public Safety fail because that entity is a department or subdivision of City government, not an entity subject to suit under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Plaintiff's official-capacity claims against the individual defendants also fail. Naming a government official in his official capacity is the equivalent of naming the government

4

entity that employs him.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  In this case, plaintiff's allegations establish that Robinson and Conley are employees of the St. Louis City Justice Center, which is not an entity that can be sued under § 1983.  *See Ketchum*, 974 F.2d at 82.  Finally, the complaint contains no allegations of a policy or custom of unconstitutional action, as would be required to state a claim against the City of St. Louis.  *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Even if plaintiff had named Robinson and Conley in their individual capacities, his claims would fail.  It appears that plaintiff intends to bring claims of excessive force and medical mistreatment.  However, his allegations do not state plausible claims under the Eighth or Fourteenth Amendments.  The Court will give plaintiff the opportunity to file an amended complaint to clearly set forth his claims and allegations in support.

Plaintiff is warned that the amended complaint will replace the original complaint.  *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wants to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1]

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him.  *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990).  Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).  Finally, plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts.  Instead, plaintiff must file a single comprehensive pleading that sets forth

6

his claims for relief.  *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff also filed a motion to appoint counsel.  A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)).  Factors relevant to the determination of whether to appoint counsel are the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments.  *Id.* (citing *Phillips*, 437 F.3d at 794).

Here, it cannot be said at this time that plaintiff has stated a non-frivolous claim. Additionally, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record now before the Court indicates that this case involves legal or factual issues of sufficient complexity to justify the appointment of counsel.  However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly, the Court grants [2] plaintiff's motion seeking leave to commence this action without prepaying fees or costs.  The Court further orders that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $36.26.  The Court instructs

plaintiff to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

The Court directs the Clerk to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.  Within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein. The Court denies [3] plaintiff's motion to appoint counsel.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

So Ordered this 18th day of August, 2021.

SL R. CL

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**