UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERROL OTIS PEYTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00631-SRC |
| | ) |
| C.O. ROBINSON, et al., | ) |
| | ) |
| Defendants. | ) |

### **Memorandum and Order**

This matter is before the Court upon review of an amended complaint filed by Plaintiff Errol O. Peyton, an inmate at the St. Louis City Justice Center. For the reasons explained below, the Court will partially dismiss the amended complaint, and will direct the Clerk of Court to issue service of process regarding the remaining claims.

### **Background**

At the time of the events giving rise to Peyton's claims, he was a pretrial detainee at the St. Louis City Justice Center.[1] He initiated this civil action by filing a complaint against the "City of St. Louis Department of Public Safety Division of Corrections," and against corrections officers C.O. Robinson and Lieutenant Conley in their official capacities. He alleged he tried to

---

[1] Review of publicly available records on Missouri Case.net shows that Peyton is currently facing charges of robbery, assault, and armed criminal action in the matter *State v. Peyton,* No. 1822-CR02721-01 (22nd Jud. Cir. 2018). As of the date of this Memorandum and Order, trial is set for March 14, 2022. Additionally, review of publicly available records shows that in October of 2018, Peyton was brought to this Court via a writ of habeas corpus ad prosequendum to face federal drug charges in the matter *U.S. v. Peyton*, No. 18-cr-801 (E.D. Mo. 2019). On June 3, 2019, Peyton pleaded guilty, and on September 20, 2019, he was sentenced to serve 51 months in federal prison. The Court ordered his federal sentence to run consecutively with any sentence that may be imposed in *State v. Peyton,* No. 1822-CR02721-01. The Court takes judicial notice of the foregoing records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (stating that a district court could "take judicial notice, whether requested or not . . . of its own records and files . . .").

walk down the steps after being maced and handcuffed, but fell because Robinson and Conley failed to help him. Peyton claimed he believed he was injured because "the officer wasn't doing his job right." He further alleged that after he fell, Conley told him to get up. Finally, he indicated he believed he did not receive proper medical care. Upon initial review, the Court determined that the complaint was subject to dismissal, and gave Peyton the opportunity to file an amended complaint. He has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e).

## Legal Standard on Initial Review

The Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

The Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Peyton filed his amended complaint against Robinson and Conley in their individual and official capacities. Doc. 12. He alleges that on November 20, 2020, Robinson sprayed him with pepper spray, handcuffed him behind his back, and then "ordered [him] to walk down a flight of steps with no assistance." *Id.* at p. 3. He claims Conley "witnessed Robinson, M. order me Errol Peyton to walk down a flight of steps maced and handcuffed behind my back and did not order Robinson to assist me in walking down the steps . . . ." *Id.* at p. 4. As a result, Peyton fell down the steps, breaking his knee. *Id.* at p. 5. He was taken to the hospital and required surgery. *Id.* Peyton also states that he received improper medical attention, but he does not allege that either Defendant was involved in denying or delaying care. *See* Doc. 12.

**Discussion**

The Court first considers Peyton's official-capacity claims. As the Court previously explained, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, Peyton's allegations establish that both defendants are St. Louis City Justice Center employees. However, the St. Louis City Justice Center is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, the amended complaint, like the original, contains no non-conclusory allegations of a policy or custom of unconstitutional action, as would be required to state a claim against the City of St. Louis. *See Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978). Therefore, the Court will dismiss Peyton's official capacity claims.

The Court now turns to Peyton's individual capacity claims. The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536–37 (1979). The Supreme Court has articulated two ways to determine whether conditions rise to the level of punishment. First, a plaintiff can show that his or her conditions of confinement were intentionally punitive. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir. 2020) (citing *Bell,* 441 U.S at 538–39). Second, in lieu of an "expressly demonstrated intent to punish," a plaintiff can "also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. If a court finds that conditions are arbitrary or excessive, it may infer that the purpose of the governmental action was unconstitutionally punitive. *Id.*

In this case, the Court finds that Peyton has alleged sufficient facts to show that the Defendants' actions were punitive. Indeed, Peyton uses the word "negligence" in describing his claims, and negligently inflicted harm does not implicate the Constitution. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). However, the Court does not believe that Peyton's use of the word "negligence" demands the conclusion that he brings only negligence claims. As noted above, the Court is required to liberally construe *pro se* filings, and when a plaintiff's allegations are discernible, the Court must "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon*, 795 F.3d at 787. Here, Peyton alleges he fell and broke his knee after he was maced, handcuffed with his hands behind his back, and then ordered to descend a staircase unassisted in that significantly compromised condition. Those allegations describe conduct that can be considered punitive, and therefore in violation of Peyton's federally protected rights. The Court will therefore require Defendants to respond to those claims.

Peyton also claims that he did not receive proper medical care. However, his statements do not state viable claims for relief against either Defendant. First, the amended complaint, like the original, contains nothing more than wholly conclusory statements concerning allegedly inadequate care. Such statements are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678 (holding that to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements"). Additionally, as in the original complaint, Peyton does not allege that either Defendant was directly involved in or personally responsible for any specific violation of his right to adequate medical care. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d

5

1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). The Court previously explained to Peyton the importance of alleging facts in support of his claims for relief and the importance of demonstrating the personal responsibility of each named defendant. The Court will not now assume facts Peyton has not alleged. *See Stone*, 364 F.3d at 914.

Accordingly, the Court dismisses Peyton's official capacity claims against C.O. Robinson and Lieutenant Conley without prejudice. An appeal from this partial dismissal would not be taken in good faith. The Court directs the Clerk of Court to issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the St. Louis City Counselor's Office, as to defendants C.O. Robinson and Lieutenant Conley in their individual capacities. An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 26th day of January 2022.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

6